IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:09CR220 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| CHRISTOPHER J. SPAIN, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on the Defendant's Motion to Sever Counts (#41). Hearing was held on the motion on September 23, 2009 and the court took the motion under advisement.

In the Superseding Indictment (#29), Spain is charged with: Count I, possession of a firearm by a drug user; Count II, possession of a firearm while indicted; and Count III, forfeiture of a firearm. Specifically, Spain alleges that even if joinder is proper under Fed. R. Crim. P. 8, the court still has discretion under Fed. R. Crim. P. 14 to sever Counts I and II, based upon prejudicial joinder in that Count II alleges the defendant possessed the same Norinco rifle as in Count I, but while he was under a separate indictment in state court. Spain believes that the prejudice is palpable and that evidence of the pending state indictment in Count II will cast the defendant in a hopelessly bad light and prejudice the jury's consideration of Count I.

While Spain does not contend that this case is unusually complex, he does allege that the evidence in Counts I and II would be difficult to compartmentalize. He has, however, failed to show that a cautionary instruction informing the jury to separately consider the individual counts would not be sufficient. In this case, the charges could be

easily compartmentalized by a properly instructed jury. Any allegation of prejudice resulting from the elements of one count is not grounds for severance, as our circuit has ruled that it is presumed that a jury can, in fact, properly consider each count independently. *See United States v. Bear Stops*, 997 F.2d 451, 459 (8th Cir. 1993).

Rule 14 provides that the court may order separate trials if a joint trial would "prejudice the defendant or the government." The danger of prejudice to defendant is inherent in any proceeding in which the government tries a single defendant for multiple crimes. Only in an unusual case, however, will the prejudice be substantial enough to outweigh the "general efficiency of joinder." *United States v. Taken Alive,* 513 F.3d 899, 903 (8th Cir. 2008). Accordingly, separate trials are required only where prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.), *cert. denied*, 546 U.S. 994 (2005); *see also United States v. Pherigo,* 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 540 U.S. 960 & 969 (2003) (motion to sever trials of codefendants). Severe prejudice occurs only when a defendant is deprived of "an appreciable chance for an acquittal," a chance the defendant "would have had in a severed trial." *United States v. Boyd*, 180 F.3d 967, 982 (8th Cir. 1999).

In this case Spain has not demonstrated that a joint trial would cause him "severe" prejudice if the facts related to the commission of Count II were known to the jury, as he has failed to show that a properly instructed jury could not easily compartmentalize the elements of each of the offenses alleged.

**IT IS ORDERED:**

1. The defendant's Motion to Sever Counts (#41) is denied.

2. Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECrimR 57.2.

**DATED October 6, 2009.**

**BY THE COURT:**

s/ F.A. Gossett
**United States Magistrate Judge**