IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR220 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER J. SPAIN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's objections, Filing No. 48, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 39, concerning the defendant's motion to suppress, Filing No. 25. Count I of the Superseding Indictment charges defendant with possessing one or more firearms, while being an unlawful user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Count II charges defendant with possessing a firearm and ammunition while under indictment for a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(n). Count III charges defendant with forfeiture of firearms in violation of 18 U.S.C. § 924(d). Filing No. 29.

Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has conducted a de novo review of the record and exhibits, including the transcript of the suppression hearing, Filing No. 47. The court agrees with the magistrate judge's recitation of the facts and of the law. The court finds the defendant's objections to the R&R should be overruled and the defendant's motion to suppress denied.

The facts are not really in dispute.  Omaha Police officers investigated an alleged extortion scheme involving ethnic businesses in the area of 84th and Center Streets.  A number of suspects allegedly asked ethnic businesses in the area to pay money for protection.  The officers involved in this investigation received a license plate number and determined that the owner and friends of the owner, including defendant, were involved in this extortion scheme.  On April 7, 2009,  two of the suspects entered one of these businesses.  The business owner got into a fight and pulled two T-shirts off one of the suspects.  The owner noted that the suspect had a tattoo sleeve.  The officers then went to a state court judge to receive permission to obtain a DNA swab from the defendant in this case as well as a co-perpetrator, Robert Peck.  The point of contention in the motion to suppress before this court is that the officers had knowledge that Peck had a tattoo sleeve while the defendant in this case had no tattoo sleeve. The officers did not include this information in the affidavit to obtain the DNA swabs.  The purpose of the DNA swab was to match the DNA to the T-shirts.

The officers went to the home of the defendant.  They knocked on the door and told defendant they had a warrant allowing them to take the DNA sample.  While standing at the door, the officers noticed a strong smell of marijuana on defendant's clothes as well as in the house.  They took defendant to the police station to conduct the DNA swab.  While taking the swab, the officers returned to the state court judge and obtained a search warrant to search the house, based on the smell of marijuana.  The officers searched the house and found venue items in the defendant's bedroom, a rifle in defendant's bedroom, another gun in the defendant's roommate's bedroom, and a number of items of drug paraphernalia, money and a small amount of marijuana.

The magistrate judge made his findings on the record. Filing No. 47, at 29-33. The magistrate judge first determined that the only person who testified in the case, Officer Daniel Martin, was credible. The magistrate judge further determined that officers can be present for either the right or wrong reason to perform a knock-and-talk as long as they have a lawful right to be there. *See, e.g., United States v. Beatty*, 170 F.3d 811, 814 (8th Cir. 1999). The magistrate judge also found that pursuant to *Franks*, even if the officers intentionally omitted information regarding the tattoo sleeve, there existed sufficient information in the search warrant to permit issuance of the warrant. *Franks v. Delaware*, 438 U.S. 154 (1978). In this regard the magistrate judge found that there existed a larger group in this extortion scheme and that defendant had been involved in an extortion scheme with these individuals in high school. In summary, the magistrate judge found that the officers had a right to do the knock-and-talk; and, if not, probable cause is not the right analysis for a swab under Nebraska state law. If in the alternative probable cause is the right analysis, probable cause existed in the affidavit, or if probable cause did not exist, the *Leon* good faith exception applies. *United States v. Leon*, 468 U.S. 897 (1984).

The court has carefully reviewed the record, and in particular the transcript and the findings of the magistrate judge. The court finds that the motion to suppress should be denied. The Fourth Amendment prohibits unreasonable searches and seizure. *Herring v. United States*, 129 S. Ct. 695, 698 (2009). The absence of the information regarding the tatoo sleeve in the affidavit is not of significant consequence. There might have been DNA on the T-shirt from either the owner of the shirt or other members of the group. The officers were not just looking for one person, but in fact, they were looking for a group of people who were exploiting these business owners. The officers identified defendant as a possible

perpetrator. Defendant participated in similar activity with the members of this group on previous occasions. The officers knew defendant. Upon reviewing the affidavit, it is clear that the officers had reason to question defendant with or without the DNA and T-shirt evidence. The court finds sufficient evidence in the affidavit to support a finding of probable cause. The court further agrees with the magistrate judge that based on this evidence, the officers had a right to talk to the defendant with or without a search warrant. And finally, the court also agrees with the magistrate judge that, in any event, the officers were entitled to rely on the good faith exception to *Leon; see also* Herring, 129 S. Ct. at 701. Accordingly, the court will adopt the report and recommendation of the magistrate judge in its entirety.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 25, is denied.

2. Defendant's objections, Filing No. 48, to the report and recommendation of the magistrate judge are overruled.

3. The report and recommendation of the magistrate judge, Filing Nos. 39 and 47, is adopted in its entirety.

DATED this 16th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.